—

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHARON M. SPANGLER**                                                          **PLAINTIFF**

**v.**                                     **CAUSE NO. 1:15CV334-LG-RHW**

**BEAU RIVAGE RESORTS, INC.**                               **DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [35] for Summary Judgment filed by Defendant Beau Rivage Resorts, Inc. The plaintiff has not responded, and the time for doing so has expired. *See* L.U.Civ.R. 7(b)(4). After due consideration of Defendant's submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury. Accordingly, the summary judgment motion will be granted and this case dismissed.

#### BACKGROUND

Plaintiff Sharon Spangler filed this lawsuit alleging that she slipped and fell while in the high limits women's restroom of the Beau Rivage casino on October 15, 2014. Spangler alleges that she slipped in "pooling water in the bathroom, causing her to suffer contusions to her arm and a blunt trauma to her head." (Compl. 2 (¶7), ECF No. 1). She alleges that an unreasonably dangerous condition existed within the single restroom in the high limits area and that Beau Rivage was negligent in failing to inspect and maintain its premises in question. (*Id*. (¶9)). Spangler further alleges that Beau Rivage failed to take reasonable preventative measures to

insure that plumbing fixtures did not leak on the floor, and as a result, she suffered injury and damages. (*Id.*) Beau Rivage seeks summary judgment on the basis that Spangler has failed to produce evidence that Beau Rivage is liable for her injuries under Mississippi premises liability law.

## THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Spangler has not submitted any argument or evidence in opposition to Beau Rivage's motion. Nevertheless, Beau Rivage has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## PREMISES LIABILITY

Beau Rivage concedes for summary judgment purposes that Spangler was a business invitee on its premises at the time of her alleged injury. "An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Little by Little v.*

*Bell*, 719 So. 2d 757, 760 (Miss. 1998).  Under Mississippi law the duty owed by a premises owner to a business invitee is the duty "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner knows of, or should know of, in the exercise of reasonable care." *Hartford v. Beau Rivage Resorts, Inc.*, 179 So. 3d 89, 91 (Miss. Ct. App. 2015) (citation omitted).  However, "the owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." *McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (citation omitted). Mere proof of an injury by a business invitee "is not the basis for premises liability, rather negligence of the business owner must be shown." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted).  To succeed on a premises liability claim, the plaintiff must show: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.  *Garson v. Circus Circus Miss., Inc.*, 135 So. 3d 932, 934 (Miss. Ct. App. 2014) (citations and quotation marks omitted). Beau Rivage argues that Spangler has not provided evidence of any of the three liability alternatives.

      Spangler testified by deposition that when she entered the private single-person restroom, it was well lit, and she did not notice anything out of the ordinary. It was only when she moved to use the toilet that she slipped on a "big huge puddle

under the commode, around the commode where your feet are supposed to go." (Def. Ex. 12 at 75, ECF No. 35-12). The liquid appeared to be clear water. (*Id.* at 80). Spangler testified that she did not know how the water came to be on the floor, how long it had been there, or if any Beau Rivage employee or any other person knew it was there before the incident. (*Id.* at 74, 84, 131-32).

Two security officers responded to the scene, and Assistant Security Supervisor Richard Donegan's inspection of the restroom did not reveal any water on the floor. (Def. Ex. 15 at 23, 28, ECF No. 35-15). Beau Rivage business records showed that the restroom had been checked once an hour on the day of the incident. (Def. Ex. 9, ECF No. 35-9). A Beau Rivage employee who had used the restroom approximately five minutes before Spangler testified that she did not recall seeing any water on the floor. (Def. Ex. 13 at 30-31, ECF No. 35-13). A Beau Rivage engineering employee checked the plumbing fixtures in the restroom after the incident, but did not find leaks from the toilet or sink. (Def. Ex. 8, ECF No. 35-8). An engineering expert retained by Beau Rivage opined that the restroom had no design, configuration or condition problems. It had been in the same condition for ten years with no prior reported slip and fall incidents. The floor material met slip resistant criteria. (Def. Ex. 7, ECF No. 35-7).

Although disputed, for purposes of this Motion the Court accepts as fact that Splanger slipped and fell due to standing water on the restroom floor. However, Splanger has provided no evidence from which a jury could find that the water was on the restroom floor **because** Beau Rivage personnel committed some negligent

act[1], or that Beau Rivage personnel had actual knowledge of water on the restroom floor, or that the water had been on the restroom floor long enough that Beau Rivage personnel should have known it was there.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [35] for Summary Judgment filed by Defendant Beau Rivage Resorts, Inc. is **GRANTED**.  Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] Under Mississippi law, merely proving that an accident or injury occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent. *Byrne v. Wal–Mart Stores, Inc.,* 877 So.2d 462, 465 (Miss. Ct. App. 2003) (citing *Sears Roebuck & Co. v. Tisdale,* 185 So.2d 916, 917 (Miss. 1966).  *See also Vivians v. Baptist Healthplex,* 200 So. 3d 485, 488 (Miss. Ct. App. 2016), reh'g denied (Oct. 11, 2016)(mere proof of the occurrence of a fall on a floor within the business premises is insufficient to show negligence on the part of the proprietor)